This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Michael Morton, City Manager for the City of Hudson, and The Personnel Advisory and Appeals Board of the City of Hudson ("PAAB") have appealed a decision of the Summit County Court of Common Pleas, which reversed the decision and order of the PAAB upholding appellants' decision to discharge Appellee, Stephen Brock. This Court reverses.
 I.
Appellee was an employee in the City of Hudson's Service Department. Appellee was responsible for operating snowplowing equipment. After testing positive for cannabinoids, appellee was discharged by the city manager for violating Section 254.32 — "Drug And Alcohol Use" of the Codified Ordinances of the City of Hudson.
Appellee appealed his discharge to the PAAB, which upheld his discharge. Appellee then appealed the decision of the PAAB to the Summit County Court of Common Pleas. Appellee requested and was granted leave to supplement the record, and the matter was referred to a magistrate. The magistrate issued a decision recommending that appellee's discharge be held unlawful and that he be reinstated to his job. Following the submission of objections to the magistrate's decision by the parties, the trial court issued its decision. The trial court adopted, in part, the magistrate's decision, concluding that appellee's discharge was unlawful and ordered that appellee be reinstated to his job, if he so desired.
Appellants have timely appealed and present five assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN REVERSING THE PERSONNEL ADVISORY AND APPEALS BOARD'S DECISION AND ORDER UPHOLDING APPELLEE BROCK'S DISCHARGE.
In their first assignment of error, appellants have argued that the trial court abused its discretion in reversing the decision and order of the PAAB, which upheld appellee's discharge. This Court agrees.
The Ohio Supreme Court has set forth the appropriate review of an administrative decision pursuant to R.C. 2506:
 the common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
(Citations omitted.) Henley v. Youngstown (2000), 90 Ohio St.3d 142,147. In an appeal under R.C. Chapter 2506, the court must give due deference to the administrative resolution of evidentiary conflicts.Washington v. Civil Serv. Comm. of Akron (Feb. 6, 2002), Summit App. No. 20620, unreported, citing Burch v. Cuyahoga Falls (Oct. 24, 1984), Summit App. No. 11661, unreported.
"An appeal to the court of appeals pursuant to R.C. 2506.04 is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Smith v. Granville Twp.Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quoting Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. Appellate review, therefore, is properly limited to determining whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. Additionally, "`within the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court.'" Henley, supra, at 148, quotingKisil 12 Ohio St.3d at 32, fn. 4.
Article XI, Section 11.03 of the Charter of the City of Hudson provides:
 The Manager shall propose such personnel rules to the Personnel Advisory and Appeals Board, which shall report to Council its recommendations thereon, and Council may by ordinance adopt such rules with or without amendments. Among other things, these rules shall provide for the following:
* * *
 (g) Policies and procedures pertaining to discipline, demotion or discharge[.]
The trial court held that Ordinance 98-126, entitled "An Ordinance Adopting Sections 254.01 through 254.36 Providing for Personnel Rules and Regulations," was not properly adopted by the city council. The trial court based its decision solely upon the fact that there were no minutes of board meetings or testimony introduced into evidence documenting that either the city manager or the PAAB had made any recommendations to the city council regarding sections 254.01 through 254.36. The trial court's July 31, 2001, journal entry states:
 The record is devoid of any evidence that the city manager made his own set of recommendations or ever provided any recommendations in regard to such rules to the "PAAB" or that the "PAAB" ever convened to consider such recommendation.
In essence, the trial court placed the burden of proving the validity of the ordinance on the appellants.
The Supreme Court of Ohio has held that an ordinance enacted by a municipality is normally presumed to be valid and the enacting body is presumed to have acted constitutionally. State ex rel. Vana v. MapleHeights City Council (1990), 54 Ohio St.3d 91, 92. The burden of proving an ordinance's invalidity rests with the party attacking the ordinance.Brown v. Cleveland (1981), 66 Ohio St.2d 93, 95. "[I]n the absence of evidence to the contrary, it is presumed that the necessary procedures for legal adoption of legislation were followed." White v. City of Parma
(Sept. 26, 1985), Cuyahoga App. No. 49539, unreported, citing Smith v.Juillerat (1954), 161 Ohio St. 424, 428.
Appellee's only support for his argument that the ordinance was not properly adopted was that the appellants had not introduced any minutes into evidence or presented any testimony that the proper procedures were followed. However, appellee failed to affirmatively demonstrate that the proper procedures were not followed.
In this case, appellee failed to introduce sufficient evidence to demonstrate the invalidity of the ordinance. Therefore, trial court abused its discretion when it allocated the burden solely upon appellants.
Appellants' first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE BROCK'S MOTION TO SUPPLEMENT RECORD AND FOR EVIDENTIARY HEARING AND PERMITTING THE RECORD TO BE SUPPLEMENTED WITH EVIDENCE WHICH WAS NOT DESCRIBED IN SAID MOTION.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT PERMITTED THE RECORD TO BE SUPPLEMENTED WITH EVIDENCE NOT CONTEMPLATED BY THE EXCEPTIONS CONTAINED IN O.R.C. § 2506.03.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW BY PERMITTING APPELLEE BROCK TO INTRODUCE EVIDENCE WHICH IS DEEMED INADMISSIBLE UNDER O.R.C. § 4141.21 AND TO WHICH APPELLANTS OBJECTED.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN, CONTRARY TO O.R.C. § 2506.03, THE MAGISTRATE ALTOGETHER BARRED APPELLANTS FROM PRESENTING REBUTTAL TESTIMONY AND EVIDENCE AT THE HEARINGS CONDUCTED IN THIS MATTER.
Appellants' second, third, fourth, and fifth assignments of error are rendered moot by our disposition of the first, and, therefore, need not be addressed. See App.R. 12(A)(1).
 III.
The decision of the Summit County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment Reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.